## DECEMBER TERM, 1843.

### WILLIAM EVERETT *v.* A. M. WINN, *et al.*

A cause cannot be submitted against the consent of the complainant, for final hearing, at the same term of the court at which the answers are filed : the complainant is entitled to the succeeding term to take testimony.

A complainant making application to amend a *sworn* bill, after the answer of the defendant is filed, must show that the proposed amendment contains matter important to his rights, and which was unknown to him at the time of filing his original bill, or else he must show a special reason which will excuse him from negligence in the matter.

An assignor of a note, who has parted with all his right in it, and has no interest in the matters in controversy, and against whom no relief or discovery is prayed, *held*, on demurrer, not to be a necessary party to the bill.

A trustee, to sell property, who has advertised it for sale, being the mere agent of the *cestui que trust*, and without interest in the controversy, is a proper party to a bill filed to enjoin the sale of the property embraced in the trust, on the ground of a fraudulent combination on the part of the *cestui que trust* and another person, to defraud the complainant of his right in the trust property.

An agreement between two parties, that one shall hold in his name the property of the other, and shall pay with it the debts of the latter, and use it as he may direct, is such an agreement as a court of equity will enforce, *as between the parties ;* and it can only be assailed, at the instance of creditors who are thereby defrauded.

E. files his bill, stating that he held property of W. in secret trust for the benefit of W. and to secure advances of himself for W.'s account, that W. was in arrears for money then advanced in a large sum, and had fraudulently procured G. to become the purchaser with W.'s money at a tax sale of the property so held by E., and seeking to subject the property in the hands of G. to the advance so made ; *held*, that a court of equity would have jurisdiction of the case ; upon the answer, however, of G., denying the fraud, and it not being established by proof, the jurisdiction would cease.

THE brief of Mr. Smedes furnishes a full abstract of the case.

The original bill was filed November 8, 1841. The answers of Winn and Genella, and the demurrer of Walker and Meilke, were filed on the 4th January, 1842, and the cause placed on the hearing-docket, at the same term to which the answers and demurrer were filed.

An affidavit for a continuance, and a petition to file an amended bill, were submitted, with the case, when the hearing-docket was called.

*P. W. Tompkins,* for complainants.

*W. C. Smedes,* for defendants.

The bill in this case charges that the defendant, Winn, being in

possession of real estate, and having executions against him levied on said estate, procured the complainant to buy the lands in secret trust, for said Winn and his family ; and complainant paid out of his own pocket $7349, to effect the purchase.   The bill states that complainant sold part of this land to W. H. Hurst, and thereby paid $14,000 of the debts of said Winn ; another part he sold to Winn's wife ; that Winn retained the possession of all the land bought by complainant, and rented some of it at $50 per month ; that it was the understanding between complainant and Winn, that Winn should have the use of said property, pay the taxes and expenses, and reimburse complainant for his advances, in which event complainant was to convey the property to the order of Winn. Winn did not reimburse complainant, or pay the taxes, so that the tax-collector levied on lot 22, square 7, in the city of Vicksburg, and lot 10 in square 2, and sold the same ; that defendant Genella at said tax sale was the purchaser, and refuses to permit the complainant to redeem except according to law.    The bill further alleges, that complainant borrowed from defendant Meilke $2000 of the sum he invested for defendant Winn.    Complainant executed a deed of trust to defendant Walker, on said property of Winn's, to secure Meilke in payment of said debt.    Complainant sets out payments to Meilke of different sums, and avers a balance of only $308 to be due Meilke.    Complainant, however, alleges the loan to have been *"usurious and illegal ;"* and that, in point of fact, only $217·25 is due on said loan.    Complainant charges that Winn has procured Genella to purchase said note and deed of trust, for Winn's benefit, and has procured defendant Walker to advertise said property for sale under said deed of trust for 700 and odd dollars, which complainant avers is a scheme by Winn and Genella to defraud complainant out of his lien for advances for Winn, which he avers have not been repaid him by $1000.    The bill makes all the above parties defendants ; prays for an injunction of the sale of said lots ; that the tax sales may be annulled and set aside, — because of the fraud of Winn, and the participation in it of Genella, and because Genella bought for the benefit of Winn, prays an account and a decree to enforce the lien of complainant for his advances upon said property, and other relief, &c.

To this bill defendants Genella and Winn have answered, and defendants Meilke and Walker demurred; Genella and Winn's answers are also made demurrers.

Genella's answer sets forth the belief of defendant, from information of the truth of the bill in relation to the secret trusts; but does not admit the payments by complainant, and calls for proof, if it should be necessary. Defendant admits the sales to Hurst and Winn's family from information; but denies that Winn has been in possession of the property in controversy since the tax sales, and avers possession in himself, and entire control. Defendant denies all knowledge of the secret understanding between Winn and Everett, until after the filing of complainant's bill; since that period Winn has informed him that they are, in the main, true. Defendant avers that Winn has more than reimbursed complainant for advances. Defendant admits that Winn did not pay the taxes; and has been informed by him that the reason was, because complainant had practised a fraud on him, by, without his knowledge or consent, giving a deed of trust on the property to Meilke, and one to Rigby, to secure the individual debts of Everett. Defendant admits the purchase at tax sale, but denies the collusion with Winn, or that the sale was for the use of Winn, or with his money. The denial of fraud and collusion is as full as language can make it. States that Winn had no interest in the property. Respondent admits he requires the law to be strictly complied with before he will permit a redemption; states that he knows nothing of the contract between complainant and Meilke, or the usury charged, if any. Denies that complainant has paid all the debt but 300 and odd dollars; but states that $709 is due. He admits the purchase of the note and deed of trust, but denies fraud, &c. States it was made *bonâ fide* with his own money, and to perfect his tax title; and that Winn had nothing to do with it. The denials of fraud are very full. The defendant states that before he purchased said note and deed of trust, " *he informed complainant of his intention to do so,*" and asked complainant for a statement of how much was due said Meilke on said note, and complainant informed him that $709 was due. The answer admits that the trustee was about to sell, when enjoined for said sum of $709; but denies again all fraud and collusion with

Winn, in inducing the trustee to sell. In conclusion, the defendant sets up an absolute title in fee simple to said property, by virtue of three tax deeds, which he files as exhibits (1), (2), and (3), and denies any lien to exist in complainant; denies all fraud, and prays the bill to be dismissed, &c. The answer also denies that the charges of usury, being so vague and uncertain, can be noticed.

The answer of defendant, Winn, sets forth the admission of the secret trusts, but a denial of the sum claimed to be advanced. Defendant sets up an indebtedness to him of $1392·03 by complainant, being the sum paid by him to complainant over and above complainant's advances. Respondent admits he did not pay the taxes, but gives as a reason, the fraud of Everett, in giving Meilke and Rigby deeds of trust, without his knowledge or consent, upon the property in controversy. Respondent denies all fraud, &c., and adopts Genella's answer as his own, and charges fraud on complainant, to such an extent as to make him unfit to come for redress into a court of chancery, and demurs to the bill accordingly. Respondent knows nothing of the transaction between Meilke and complainant; but states that before Genella bought the note and deed of trust, complainant informed respondent that $709 was due Meilke thereon. Respondent denies all fraud, and all indebtedness to complainant, and all interest in the premises in controversy, &c.

The defendants, Meilke and Walker, demur for want of equity, &c. The complainant comes into Court avowing a *secret* and *fraudulent* trust, and yet asks relief. His hands are not clean, nor can a court of equity wash them clean. The very basis of complainant's claim to relief is *fraud ;* and he has exposed a secret and systematic attempt to cloak and hide the true ownership of real estate, that the Chancellor ought to put his foot upon forever. And, not content with defrauding the public and Winn's creditors, the very bill shows, and the answers prove, that he has defrauded Winn himself; for these and other reasons, Meilke and Walker have demurred to the bill.

They contend, *first*, that complainant's agreement with Winn was a gross fraud upon the public and the creditors of Winn, and ought to close the doors of a court of equity upon him forever; and that Genella, not participating in, and ignorant of, said fraud and secret trusts, is not bound by them. 1 Story, Eq. 70.

*Secondly.* That complainant having induced Genella to buy the note and deed of trust for $709, cannot now show a less sum to be due. *Hamer* v. *Johnston, et al.*, 5 How. 698.'

*Thirdly.* That the charges of usury are so clumsily made as to amount to nothing ; the amount of usurious interest charged, not being set out ; and the bill making no offer to pay what is really due. In the absence of which allegation, the Court will dismiss the bill. Fonbl. Eq. Book 1, ch. 1 ; 1 Story, Eq. 300, 301 ; and 5 John. Rep. 142, &c.; 1 Story, Eq. 77.

*Fourthly.* The defendant, Genella, has an indefeasible title, by virtue of his tax deeds. The period of redemption has passed, and no tender even pretended. How. and H. page 104. A court of equity will not disturb a legal title, or grant relief against a *bonâ fide* purchaser of the legal estate for valuable consideration, without notice. 1 Story, Eq. 75, ch. 3, sec. 57.

We might amplify at great length, but deem it unnecessary. Upon any one of the above four grounds we think the Chancellor will " dissolve the injunction and dismiss the bill."

As to the application to file the amended bill, we will only say a few words. The original bill was filed in November, 1841, and the answers thereto January 4, 1842. The amended bill is sworn to on the 31st of January, after the case is set down for hearing, and but a few days before submission. The matter set up in the amended bill was all known to complainant, when he filed his original bill, and ought to have been inserted in it, if material, and no excuse is shown or offered for not doing so. It is, however, wholly immaterial, consisting of charges and accounts against A. M. Winn, as to the secret trusts in relation to the lands, and reaverring a participation in the fraud of complainant and defendant, Winn, on the part of Genella. A fact so fully denied in their answers to the original bill, that it would be worse than useless to repeat the denials. The controversy in this case is *not* between Winn and Everett, but between *Genella* and Everett. And the amended bill offers nothing that can affect that controversy ; and, for the reasons above given, should not be allowed. Coop. Eq. 333. " The plaintiff must apply *to* the *court* for an *order* to amend in proper time ; that is, generally, before the suit is at issue, &c."

In April, 1842, being the continuation of the January term, 1842, the same term at which the case was submitted, the Chancellor delivered the following opinion.

CHANCELLOR. At the January term, 1842, the counsel for the defendants urged the submission of this case as on final hearing, whilst the complainant asked for a continuance, and craved leave to file an amended bill, which was then offered. The *suit* was return-able to that term of the Court, and, according to a well-settled rule of practice, the complainant was entitled to have until the succeeding term to take testimony, as against the defendants who filed their answers to that term. The case then could not be properly sub-mitted, except as to the two defendants who have demurred to the bill. I perceive no reason, whatever, for giving leave to the com-plainants to file an amended bill. The application comes too late. It is not pretended that anything there stated was not well known to the complainant when he filed and *swore* to his original bill; nor is there anything stated in it which may not be made matter of proof under the original bill. Permission to amend sworn bills is granted with great caution, and especially after the coming in of the answer. In that state of the case, the complainant must show that the proposed amendment contains matter which is important to his rights, and which was unknown to him at the time of filing his original bill, or some other special reason, which will excuse him from negligence in the matter. *Rogers* v. *Rogers*, 1 Paige, Ch. 424 ; *Whitmarsh* v. *Campbell*, 2 Paige, Ch. 67. Leave to amend is therefore refused. In the present aspect of the case, nothing remains but to dispose of the demurrer of the defendants Meilke and Walker. Meilke having assigned and transferred his interest in the note and deed of trust to Genella, he has no longer any direct interest in the matter. No relief or discovery is prayed as against him, the demurrer therefore as to him, is sustained, and the bill dis-missed to that extent. As to Walker, it is clear that in adver-tising to sell under the deed of trust, he acted as the mere agent of Genella, and if the complainant is entitled to relief against Genella, by reason of his alleged fraudulent combination with Winn, it is quite clear that he would be entitled to an injunction against Walker,

who is a mere agent under the deed of trust, without interest in the controversy.   Walker's power under the deed depends essentially upon Genella's right to enforce it.   If it should appear, upon the final hearing, that the tax sale of the lot of land, and the purchase of the deed of trust, was the result of a scheme between Winn and Genella to overreach the interests of the complainant, I should think, as at present advised, that there could not be much doubt about the complainant's right to relief.   It seems that such an agreement, as that stated to have been made between the complainant and the defendant Winn, is such an one as the law will enforce, as between the parties.   (*Orr et al.* v. *Pickett et al.*,) 3 J. J. Marshall's Rep. 276.   Such an agreement would only be assailable, at *the* instance of creditors, who are thereby defrauded. The demurrer as to Walker must be overruled, with leave to answer in thirty days.

The case was, upon the delivery of this opinion, remanded to the hearing docket, and commissions opened to take depositions.

*A. Genella* proved that J. Genella, the defendant, purchased the deed of trust in controversy, and lots at tax sales, *with his own money, and for his own use.*   That A. M. Winn was utterly without means, and never furnished one cent of money to J. Genella, but was, on the contrary, considerably indebted to him. That he was present at the tax sales, and the complainant was also present, and made no objection to the sale, and that when J. Genella purchased Meilke's deed of trust, he did so *after his tax purchases*, at the request of complainant, who told defendant $709 was due Meilke, and said not one word of usury ; but, on the contrary, told him, if he would purchase that deed of trust, his title to the lot would be perfect.

*E. B. Scarborough* proved that he sold the lot at tax sale *regularly.*   That defendant Genella paid him the purchase-money, and he made him a deed.   That *Everett was present and assented to the sale.*   The witness also furnished, with his deposition, a copy of the advertisement and assessment of Winn's property, and states that Winn had a negro boy in possession, when his real estate sold for taxes.

*E. C. Meilke* proved that he bought Everett's note (and did not discount it) for $2000, from a Mr. Briggs.

*E. W. Morris* proved the payment of certain moneys from Everett, for the property in controversy with some other.

*Watson Flowers* proved that Winn had a negro boy in possession in 1837, and ever since.

*David Steele* proved that *Briggs asked Meilke* if he had got his money from Everett, and Meilke answered, not all, and Briggs said he was to have $40 out of it.

This was all the proof. The case was at the January term, 1843, again submitted for final hearing.

*P. W. Tompkins*, for complainants.

*Guion* and *Smedes*, for defendants.

The Chancellor, in his opinion already given in this case, says, " The complainant is entitled to relief against Genella, by reason of his alleged fraudulent combination with Winn."

No such fraud or combination is proved. A great part of the depositions taken seems to be without object or point. It is in clear and full proof, that Genella purchased the deed of trust for $709 with Everett's consent and statement that so much was due, and that both the deed of trust and tax moneys came from Genella himself, and for his own use ; and that Winn furnished nothing, and has no interest whatever in the property. It is also in proof, that Everett was present at the sale, and assented to it.

We cannot conceive upon what ground complainant will resist a decree dismissing the bill as to defendant Genella ; and as to Winn, the complainant is not entitled to a decree against him ; his remedy is at law.

From a portion of the depositions, we presume an attempt by argument will be made, to show that Genella acquired no title by the tax sales, because Winn had personal property, and because of irregular assessment.

In the present aspect of the case, neither proof nor argument to that point can be allowed.

The bill does not impeach the *regularity* of the tax sales, but only seeks to subject the property to Winn's debt, by reason of Genella's fraud (10th page of the bill). For the defendant

Genella, therefore, we do not offer either proof or argument, on the subject of the regularity of the sale.

We refer to our brief, heretofore filed in this cause, for an abstract and brief of the case, and upon the points presented by it.

The CHANCELLOR delivered the following brief opinion. The right of the complainant to any relief as against the defendant Genella, rests entirely on the allegation of fraud in the several transactions detailed in the bill. The charge of fraud is fully denied by the answer of Genella, and the proof fails altogether to sustain it. There is no ground for equity jurisdiction laid by the bill as against Winn, except the charge of fraudulent combination with Genella; this is disproved. If Winn is indebted to the complainant for money paid to his use, he has a clear remedy at law, and this defect is insisted upon by way of demurrer in the answer. Let the bill be dismissed at the complainant's costs.